REED PARKINSON, APPELLANT, *v.* LETTYE E. WINNIMAN AND HELENA NEAL, RESPONDENTS.

No. 4179

October 12, 1959          344 P.2d 677

*R. S. Flanary,* of Sparks, for Appellant.

*Springer, McKissick & Hug,* of Reno, for Respondents.

# OPINION

By the Court, MCNAMEE, C. J.:

This is an action of trespass brought by respondents against appellant wherein the trial court entered judgment awarding respondents damages in the sum of

$1,235, and in addition thereto granted a permanent injunction restraining the appellant from trespass.

Appeal is from said judgment.

Respondents are the owners of certain land located in the south half of section 30, T. 18 N., R. 20 E., Washoe County, which they and their predecessors in interest have held in ownership since the land was homesteaded in 1927. Prior thereto the land was part of the public domain.

In 1954 appellant located and otherwise acquired certain mining claims in the north half of said section 30, which then likewise was a part of the public domain.

At the time appellant acquired his said interests there was a road leading north from the Mt. Rose highway to respondents' home which was entirely on their property, and which had been built as a private road for respondents' predecessors in interest in 1933 by the state highway department in consideration of its taking a portion of their land for the Mt. Rose highway.

Appellant contends that this was a public road over public land which went not only to respondents' home but beyond and into the north half of section 30, that it was in existence prior to 1927 when respondents' land was homesteaded, that the passing of this public land into private ownership (to respondents' predecessors in interest) did not affect the highway right of way theretofore acquired by the public, and that therefore he could not be considered a trespasser in using a public road.

Evidence of witnesses was conflicting as to whether any public road existed prior to 1927. Official maps in evidence as respondents' exhibits show that prior to 1933 there had been a road going across part of the south half of section 30 but only as far as the spot where respondents' home is now located but which, except for a few feet, followed an entirely different course. A map in evidence as appellant's exhibit shows a road going across respondents' property and into the north half of section 30.

With this state of the record the trial court found that the road in question was at all times a private road, that any earlier road had been abandoned before the time the present road was built, that any use of an earlier road had been casual or permissive, that the appellant failed to establish the existence of any public road traversing the said lands owned by respondents (other than the Mt. Rose highway), and that, therefore, appellant had no right to go upon the said lands of respondents after being instructed not to do so.

We hold there is ample evidence to support the court's findings in this regard.

Appellant contends that the evidence does not show any damage by appellant to the lands of respondents. Nominal damages only were awarded for the trespass, and inasmuch as the evidence supports a trespass, this was not improper. 52 Am.Jur., Trespass, sec. 47.

Appellant further contends that the evidence was insufficient to support the judgment. With respect to the special damages allowed, and the damages for mental anguish caused by the intentional harassment of one of the respondents, there was ample evidence which was uncontradicted to support the same. The award of exemplary damages was proper upon proof of intentional trespass. Gerlach Livestock Co. v. Laxalt, 52 Nev. 191, 284 P. 310.

Evidence of threats by appellant to continue his trespassing unless restrained by law justified the permanent injunction. Cook v. Maremont-Holland Co., 75 Nev. 380, 344 P.2d 198.

Affirmed.

BADT, J., concurring.

MERRILL, J., was present during the oral argument herein and participated in the consideration and disposition of this case, but resigned as Justice prior to the filing of this opinion.